**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **STACEY GIBBONS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO.: 3:22-cv-00019** |
| **ZURICH AMERICAN LIFE** | § | |
| **INSURANCE COMPANY a/k/a** | § | |
| **KEMPER INVESTORS LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Zurich American Life Insurance Company files this Motion for Judgment on the Pleadings, and for support shows as follows:

Plaintiff's Petition identifies a single "cause of action" against Defendant Zurich American Life Insurance Company ("ZALICO") seeking a declaratory judgment that certain annuity-secured loans are void. Plaintiff's Petition states no other cause of action against ZALICO and, on its face, does not allege that ZALICO violated any law. Under federal procedural law, a declaratory judgment action cannot stand alone and must be accompanied by an underlying substantive cause of action. Moreover, while ZALICO denies that any potential supporting causes of action would have merit, any re-pleading by Plaintiff would be futile as the statutes of limitations on any such claims have expired. For

these reasons, Defendant ZALICO requests the Court grant this Motion for Judgment on the Pleadings and dismiss Plaintiff's suit with prejudice. FED. R. CIV. P. 12(c).

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff seeks a declaratory judgment voiding certain loans secured by an annuity once administered by ZALICO. Plaintiff's Original Petition [Dkt. 1-2, ¶ 13]. Plaintiff filed his Petition in state court in Galveston County on December 15, 2021, naming ZALICO as the sole defendant. *See id.* ZALICO removed the case to this Court on January 14, 2022. *See* ZALICO's Notice of Removal [Dkt. 1]. ZALICO filed its answer on January 17, 2022. *See* ZALICO's Answer and Affirmative Defenses [Dkt. 2].

Plaintiff's Petition includes a section titled "Factual Background," followed by a single "Cause[] of Action" for "Declaratory Judgment." Plaintiff's Original Petition [Dkt. 1-2, ¶¶ 6-13]. Plaintiff's Petition states no other causes of action. In fact, Plaintiff's Petition never alleges that ZALICO violated any law or breached any obligation it owed to Plaintiff. Plaintiff simply seeks a declaration from this Court that the relevant loans are void. As will be set forth in this Motion, Plaintiff's declaratory judgment action cannot stand alone. Moreover, any conceivable substantive cause of action against ZALICO is time-barred. ZALICO therefore files this Motion for Judgment on the Pleadings and requests that the Court dismiss Plaintiff's suit with prejudice.

## II.    ISSUES

(1) Whether the Court should dismiss Plaintiff's claim for declaratory judgment because that claim cannot stand alone unsupported by another substantive cause of action against Defendant; and

(2) Whether the Court should dismiss Plaintiff's suit with prejudice because any effort by Plaintiff to re-plead is futile, given the expiration of any applicable statutes of limitations.

### III.   FACTUAL BACKGROUND

Plaintiff claims he participated in a 401k retirement savings plan once administered by ZALICO "and/or its predecessors" while employed by the University of Texas Medical Branch. Plaintiff's Original Petition [Dkt. 1-2, ¶ 6]. Plaintiff claims he maintained an account under this plan "identified as Annuity Contract No. XXXXXX2836." *Id.*

According to the Petition, Plaintiff's wife covertly obtained three separate loans secured by the above-referenced annuity account in 2002 and 2003. *Id.* at ¶ 7. Plaintiff claims his wife forged his signature to obtain the loans and that he was not aware of his wife's actions. *Id.* The loans allegedly totaled $48,791.62. *Id.* at ¶ 8.

Plaintiff alleges he became aware of the loans during divorce proceedings in 2015. *Id.* at ¶ 10. According to the Petition, in 2015 Plaintiff informed two "Retirement Account representatives" about the loans and "inquired how to resolve the forgery issue." *Id*. Plaintiff alleges these representatives told him, also in 2015 and on some unspecified later date, that "he Plaintiff had to pay the loan balances in full otherwise the loan balances would eventually exceed the account balances." Plaintiff's Original Petition [Dkt. 1-2, ¶¶ 10-11].

In keeping with its representations in 2015, in October 2021, ZALICO sent Plaintiff correspondence informing Plaintiff that the loan balances, plus accrued interest and fees, would be deducted from his annuity account. *Id.* at ¶ 12.

Based on these allegations, Plaintiff seeks a declaration that the three allegedly fraudulent loans are void and that any action to deduct the loans' value from his annuity account not be permitted be proceed. *Id*. at ¶ 13.  Plaintiff's Petition states no other substantive causes of action.

## IV.    <u>APPLICABLE STANDARD</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief and a demand for the relief sought. To meet this standard, the plaintiff's complaint "must state a 'plausible claim for relief.'" *Heinze v. Tesco Corp*., 971 F.3d 475, 479 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

A party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. FED. R. CIV. P. 12(c). Pleadings are "closed" within the meaning of Rule 12(c) after the complaint and answer have been filed, "unless a counterclaim, crossclaim, or third-party claim is interposed." *Mandujano v. City of Pharr, Texas*, 786 Fed. Appx. 434, 436 (5th Cir. 2019) (citing 5A Charles A Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1367 (3d ed. Apr. 2019 Update)).

"The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Id.* at 437 (citing *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019)). Accordingly, to survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id*. (citing *Iqbal*, 556 U.S. at 678). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint

states a valid claim for relief." *Hughes v. Tobacco Inst., Inc*., 278 F.3d 417, 420 (5th Cir. 2001) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir. 2000)).

Additionally, a federal district court may deny leave to amend an insufficient pleading "for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *Mandujano*, 786 Fed.Appx. at 437-438 (citing *U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014)). A proposed amendment is futile if it would also fail to state a claim on which relief can be granted, applying the same Rule 12(b)(6) standard applicable to the original complaint. *Id.* (citing *Stripling v. Jordan Prod. Co*., 234 F.3d 863, 873 (5th Cir. 2000)). "A motion to dismiss for failure to state a claim . . . can be based not only on a plaintiff's claims but on matters that support an affirmative defense, such as limitations." *Gonzales v. Nueces County, Texas*, 227 F.Supp.3d 698, 701 (S.D. Tex. 2017) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

## V.   ARGUMENT

**A.   Plaintiff's Petition does not state a plausible claim for relief because Plaintiff's only cause of action is for declaratory judgment, which cannot stand alone under federal procedural law.**

The Court must determine whether Plaintiff's Petition states a plausible claim for relief. Notably, Plaintiff pleads only one solitary cause of action: "Declaratory Judgment." Plaintiff's Original Petition [Dkt. 1-2, ¶ 13]. When a defendant removes a declaratory judgment to federal court, as ZALICO did in the present case, the action is "converted to

---

one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Callan v. Deutsche Bank Trust Co. Americas*, 11 F.Supp.3d 761, 771 (S.D. Tex. 2014) (citing *Val-Com Acquisitions Trust v. Chase Home Fin., L.L.C.*, 428 Fed. Appx. 364 (5th Cir. 2011)); *see also* Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

The Declaratory Judgment Act creates no substantive rights; it is a procedural device which authorizes federal courts to declare the rights and legal relationships of parties as they pertain to other substantive causes of action. *See Callan*, 11 F.Supp.3d at 771; *Koncak v. Deutsche Bank National Trust Co.*, No. 3:19-CV-00071-B-BT, 2020 WL 5219558, at *5 (N.D. Tex. Aug. 17, 2020). Consequently, a "declaratory judgment is not itself a cause of action, and a claim for declaratory judgment necessarily fails if there is no underlying cause of action." *Koncak*, 2020 WL 5219558, at *5. Therefore, if a plaintiff in a federal declaratory judgment action asserts no cause of action independent of the declaratory judgment, plaintiff's complaint cannot stand. *Id.* (granting judgment as a matter of law on plaintiffs' claim for declaratory judgment because plaintiffs did not "assert an independent cause of action" and "their declaratory judgment action cannot stand alone").

Texas federal courts, including the 5th Circuit, consistently hold that the Declaratory Judgment Act creates no federal cause of action and declaratory judgments cannot be sought absent an underlying claim. *See Cornwall v. JPMorgan Chase Bank, N.A.*, No. 3:19-CV-00014, 2019 WL3769914, at *2 (S.D. Tex. Aug. 9, 2019) (citing *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 552-553 (5th Cir. 2015)). Controlling law is clear: "the Declaratory Judgment Act is procedural and does not create an independent private right of action . . ." *Harris Cty. Tex.*, 791 F.3d at 553.

Plaintiff's Original Petition unambiguously states only one cause of action: declaratory judgment. Therefore, there is no "underlying claim" to support Plaintiff's claim for a declaratory judgment. Accordingly, Plaintiff's claim for declaratory judgment fails and no cause of action remains.

### B. The Court should enter a judgment on the pleadings in favor of ZALICO because all conceivable causes of action against ZALICO are time-barred by the applicable statutes of limitations.

While Plaintiff's Original Petition does not specifically allege any legal wrongdoing by ZALICO, Defendant anticipates that Plaintiff will seek leave to amend his Petition and attempt to state a cause of action in support of his declaratory judgment claim. However, as noted above, a district court properly denies such leave when amendment would be futile. *Mandujano*, 786 Fed. Appx. at 437-438. Proposed amendments are futile when, for example, a proposed cause of action is barred by the statute of limitations. *See, e.g.*, *Carlos Salazar v. Zapata Cty.*, No. 5:16-CV-00292, 2018 WL 8017042, at *14 (S.D. Tex. Dec. 6, 2018) (denying plaintiff's motion for leave to amend petition when proposed amendment was insufficient to defeat defendant's statute of limitations defense). Such is the case here.

Generally, a "cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Middaugh v. InterBank*, 528 F.Supp.3d 509, 538 (N.D. Tex. 2021). In rare instances, a plaintiff may be able to "toll" the statute of limitations; however, tolling should only be applied in exceptional circumstances where the plaintiff diligently pursued his legal rights but was prevented from obtaining redress by some force beyond his control. *See id.* at 538-539. For example, in *Middaugh*, plaintiff's contract claim was time-barred,

and the limitations period was not tolled, when plaintiff was "aware of sufficient facts, conditions, and circumstances that would have caused a reasonably prudent person to inquire further, and yet . . . sat on those facts for nearly nine years before pursuing their breach of contract claim." *Id.* at 540.

By Plaintiff's own admission, he was aware in 2015 that ZALICO was not voiding or otherwise deducting the value of the disputed loans from his account. Plaintiff's Original Petition [Dkt. 1-2, ¶¶ 10-11]. Plaintiff's own Petition makes clear that ZALICO told him in 2015 that "he had to pay the loan balances in full otherwise the loan balances would eventually exceed the account balances." *Id.* at ¶ 10. Plaintiff's allegations establish that Plaintiff: (1) learned of the loans' existence in 2015; (2) spoke with ZALICO about the allegedly fraudulent nature of the loans in 2015; (3) was told by ZALICO in 2015 that he was responsible for paying the loans; and (4) was made aware by ZALICO in 2015 that the loans were accruing interest and being deducted from the value of his account balance. *Id.* at ¶¶ 10-11.

Plaintiff's allegations, taken as true, conclusively establish that any possible causes of action accrued in 2015 when Plaintiff allegedly spoke with ZALICO about the loans. Like the plaintiff in *Middaugh*, Plaintiff sat on his claim despite being "aware of sufficient facts, conditions, and circumstances that would have caused a reasonably prudent person to inquire further." *Middaugh*, 528 F.Supp.3d at 540.[1]

---

[1] The fact that ZALICO took further action in 2021 pursuant to its previously-stated position is immaterial – a "cause of action accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and *even if all resulting damages have not yet occurred*." *Middaugh*, 528 F.Supp.3d at 538 (emphasis added).

Plaintiff's Petition does not specify when in 2015 the alleged conversations took place. However, even assuming (without admitting) that the cause of action accrued on the latest possible date of December 31, 2015, nearly six years passed between the date of accrual and the date Plaintiff filed this lawsuit in December 2021.

There is no plausible civil cause of action under Texas or federal law which would be timely under these facts. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 16.051 (general four-year statute of limitations applicable to Texas civil claims, including breach of contract); TEX. CIV. PRAC. & REM. CODE § 16.003 (two-year statute of limitations applicable to Texas negligence claims, including general negligence and negligent misrepresentation); TEX. CIV. PRAC. & REM. CODE § 16.004(a) (four-year statute of limitations applicable to certain civil causes of action including debt, fraud, and breach of fiduciary duty); TEX. INS. CODE § 541.162 (two-year statute of limitations applicable to claim of unfair or deceptive practices under the Texas Insurance Code); TEX. BUS. & COM. CODE § 17.565 (two-year statute of limitations applicable to claim under Texas Deceptive Trade Practices Act); 28 U.S.C. § 1658 (general four-year statute of limitations applicable to federal civil claims).

Plaintiff cannot allege any viable claims.

## VI.    CONCLUSION AND PRAYER

Plaintiff's Petition impermissibly states only a single cause of action for "declaratory judgment," which, under federal procedural law, cannot stand alone. Any attempts to replead would be futile, as the statutes of limitations on any possibly substantive claims have expired.

For these reasons, Defendant ZALICO respectfully requests the Court grant this Rule 12(c) Motion for Judgment on the Pleadings and dismiss Plaintiff's declaratory judgment action with prejudice, as well any other relief to which ZALICO may be entitled.

Respectfully Submitted,

*/s/ Jason Gould*
JASON GOULD (*pro hac vice*)
ATTORNEY-IN-CHARGE
jason.gould@faegredrinker.com
KRISTEN REILLY (*pro hac vice*)
kristen.reilly@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, D.C. 20005
(202) 842-8800 (Telephone)

*And*

HAYDEN H. BROWN
Texas Bar No. 24120726
Southern District No. 3621800
hayden.brown@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on March 25, 2022.

*/s/ Hayden H. Brown*
HAYDEN H. BROWN