# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| STACEY GIBBONS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO.: 3:22-cv-00019 |
| ZURICH AMERICAN LIFE § | |
| INSURANCE COMPANY a/k/a § | |
| KEMPER LIFE INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Stacey Gibbons, Plaintiff in the above-styled cause, complaining of and against Zurich American Life Insurance Company a/k/a Kemper Investors Life Insurance Company, Defendant, and would respectfully show the Court the following:

## PARTIES

1. Plaintiff is an individual residing at 2621 Holbrook Springs Lane, League City, Galveston County, Texas 77573.

2. Defendant Zurich American Life Insurance Company a/k/a Kemper Investors Life Insurance Company ("Zurich") is a Texas Corporation which has been served and has made an appearance.

## JURISDICTION

3. This Court has jurisdiction over this case pursuant to 28 U.S. Code § 1332 because the matter in controversy exceeds the sum of $75,000 and, based on defendant's allegations, is between citizens of different States.

## FACTUAL BACKGROUND

4. Plaintiff was employed with the University of Texas Medical Branch ("UTMB") from 1994 until 2001. During that period, Plaintiff actively participated in UTMB's 401k plan (the "Retirement Account"). The Retirement Account was managed by Kemper Investors Life Insurance Company and/or its predecessor(s) in interest. At all relevant times, Plaintiff maintained a retirement account (the "Retirement Account") with Defendant. The Retirement Account was identified as Annuity Contract No. XXXXXX2836.

5. Unbeknownst to Plaintiff, during 2002 and 2003, his then wife, Kimberley Gibbons, took out three separate loans, all of which were secured by the Zurich Account. Kimberley Gibbons forged Plaintiff's signature on all three loans.

6. The first loan ("Loan #1") was purportedly executed on or about December 18, 2001, in the original principal amount of $10,000.00. The Original Loan ID Number for Loan #1 is unknown. Loan #1 was later identified as Loan XXX373. The term of Loan #1 was five (5) years, and it was to be paid in quarterly payments. The loan was funded on or about January 9, 2002. No payments were ever made on Loan #1.

7. The second loan ("Loan #2) was purportedly executed on March 4, 2002, in the original principal amount of $31,000.00. The Original Loan ID Number for Loan #2 was XXXXXXXXX767. Loan #2 was later identified as Loan XXX372. The term of Loan #2 was fifteen (15) years, and it required quarterly payments of $776.48. Quarterly payments were due on February 1, May 1, August 1 and November 1 of each year beginning with the first loan payment on May 1, 2002. Payments were considered timely if made within 90 days from the due date. If a payment was not made timely, the entire loan balance was to be considered in default. No payments were ever made on Loan #2. Consequently, pursuant to the terms of the loans, the

entire loan balance was in default 90 days after May 1, 2002, which was approximately August 1, 2002.

8. The third loan ("Loan #3") was purportedly executed on November 13, 2003, in the original principal amount of $7,791.62. The Original Loan ID Number for Loan #3 was XXXXXXXXX929. Loan #2 was later identified as Loan XXX371. The term of Loan #3 was fifteen (15) years, and it required quarterly payments of $195.85. Quarterly August 1 and November 1 of each year beginning with the first loan payment on February 1, 2004. Payments were considered timely if made within 90 days from the due date. If a payment was not made timely, the entire loan balance was to be considered in default. No payments were ever made on Loan #3. Consequently, pursuant to the terms of the loans, the entire loan balance was in default 90 days after February 1, 2004, which was approximately May 1, 2004. Plaintiff did not personally request any of the three loans, and he did not authorize anyone else, including his then wife, Kimberley Gibbons, to request these loans. Plaintiff did not sign his name to any of these loans and did not authorize anyone else to sign his name to these loans. Upon information and belief, Kimberley Gibbons requested these loans and forged Plaintiff's name to the loans. Plaintiff did not receive any proceeds from the three loans. Indeed, Plaintiff did not even become aware of the existence of these loans until 2015.

9. In connection with divorce proceedings against Kimberley Gibbons in 2015, Plaintiff first learned that Kimberley Gibbons took out the three loans and forged his signature to them. Upon learning of the existence of the three loans in 2015, Plaintiff reported the forgery issue to his Retirement Account representative, Robert Geary, and inquired how to resolve the forgery issue. Mr. Geary did not provide any path to resolution of the forgery issue, and that issue remained unresolved.

10. Later, Plaintiff had a conversation with a Retirement Account representative named Jana Williams regarding the forgery issue. Ms. Williams similarly did not address the forgeries issue, leaving the effect of the forgeries unresolved.

11. Despite not having resolved the forgeries issue, on October 1, 2021, Zurich sent correspondence to Plaintiff stating that the balances on the loans identified by Zurich as Loan ID XXX371 in the amount of $82,388.16 and Loan ID XXX372 in the amount of $21,018.25, including accrued interest, plus surrender fees of $1,229.02 and $313.54, were going to be deducted from Plaintiff's Account No. XXXXXX2836. Shortly after sending the October 1, 2021, letter, Zurich offset the Plaintff's funds in the Retirement Account by these amounts.

## CAUSES OF ACTION

12. <u>Breach of Contract</u>. Incorporating the allegations set out above, Zurich breached its contract with Plaintiff by offsetting the loans against Plaintiff's funds in the Retirement Account. Zurich had no right to offset any of the loans against the Retirement Account because the loans were forgeries and were not valid. Furthermore, at the time the offsets were applied, collection of the loans, even if valid, were barred by the applicable statutes of limitations. Furthermore, any action of offset pursuant to any security agreements were time-barred. Consequently, Zurich's actions in offsetting the Retirement Account by the purported loan balances constitutes a breach of contract.

13. <u>Wrongful Offset</u>. Incorporating the allegations set out above, Zurich wrongfully offset the loans against Plaintiff's funds in the Retirement Account. Zurich had no right to offset any of the loans against the Retirement Account because the loans were forgeries and were not valid. Furthermore, at the time the offsets were applied, collection of the loans, even if valid, were barred by the applicable statutes of limitations, and any offset pursuant to a security agreement

was similarly time-barred.  Consequently, Zurich's offset against the Retirement Account by the purported loan balances constitutes a wrongful offset.

14. <u>Conversion</u>.  Incorporating the allegations set out above, Zurich wrongfully offset exercised dominion and control over the Retirement Account when it offset the loans against Plaintiff's funds in the Retirement Account.  Zurich had no right to offset any of the loans against the Retirement Account because the loans were forgeries and were not valid.  Furthermore, at the time the offsets were applied, collection of the loans, even if valid, were barred by the applicable statutes of limitations, and any offset pursuant to a security agreement was similarly time-barred.  Consequently, Zurich's actions in offsetting the Retirement Account by the purported loan balances constitute conversion.

15. <u>Declaratory Judgment-Forgery</u>.  Incorporating the allegations set out above, Plaintiff seeks a declaratory judgment establishing that (i) the three promissory notes identified above as Loan #1, Loan #2 and Loan #3, are void and invalid, that no action to deduct any purported loan balances from Plaintiff's Account No. XXXXXX2836 or to otherwise collect any purported loan balances shall proceed and that any such action that has already occurred be deemed void, that Plaintiff is entitled to have the funds in the Retirement Account released to him for him to invest, transfer, roll over, or take such other action of his choosing.

16. <u>Declaratory Judgment-Statute of Limitations</u>.  Incorporating the allegations set out above, Plaintiff seeks a declaratory judgment establishing that at the time Zurich offset the purported loan balances against the Retirement Account, the loans were all barred by the applicable statutes of limitation.  Pursuant to the terms of the loans, payments were considered timely if made within 90 days from the due date.  If a payment was not made timely, the entire loan balance was to be considered in default.  No payments were ever made on any of the loans.

17. Loan #2 was in default 90 days after May 1, 2002, which was approximately August 1, 2002. More than four years have elapsed since that date. Moreover, the last payment would have been due on February 1, 2017. Four years elapsed since that date prior to Zurich's offset of the loan balance. Alternatively, to the extent payment obligation was not accelerated under the loan agreement and the applicable statute of limitations exceeds four years with respect to both the note and security agreement, all of the individual payments due beyond the statute of limitations are time-barred.

18. Loan #3 was in default 90 days after February 1, 2004, which was approximately May 1, 2004. More than four years have elapsed since that date, therefore, all collections should be time-barred. Alternatively, to the extent payment obligation was not accelerated under the loan agreement, all of the individual payments due beyond the statute of limitations are time-barred.

19. Plaintiff seeks declaratory relief establishing that the funds in the Retirement Account are not subject to any of the loans and that the Retirement Account should be released to him for him to invest, transfer, roll over, or take such other action of his choosing.

## RELIEF REQUESTED

20. Plaintiff seeks actual damages in the amount of the loan balances offset against the Retirement Account, plus pre-judgment interest, and attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code 38.001 and any other applicable law because the claim was presented but not satisfied. Additionally, Plaintiff seeks to have declared void Loan #1, Loan #2 and Loan #3, to declare the forfeiture of all principal and interest on such loans, and to remove all encumbrances by Defendant to the Retirement Account. Pursuant to Tex. Civ. Prac. & Rem. Code. 37.009, Plaintiff seeks recovery of his costs and reasonable and necessary attorney's fees as are equitable and just because

as a result of Defendant's conduct, Plaintiff has retained the services of the undersigned and has agreed to pay them a reasonable and necessary fee.

21. All conditions precedent to the rights of Plaintiff to recover have occurred or have otherwise been satisfied.

## PRAYER

Plaintiff prays that Defendant be cited to appear and answer, and that on final trial he have judgment against Defendant for damages as set forth in this Complaint, for declaratory relief, attorney's fees, prejudgment interest as provided by law, and for such other and further relief, at law or in equity, to which he may be justly entitled.

Respectfully Submitted,

SMITH & CERASUOLO, LLP

By: /s/ Gary F. Cerasuolo
Gary F. Cerasuolo
State Bar No. 00789927
7500 San Felipe, Suite 777
Houston, Texas 77063
(713) 787-0003 Telephone
(713) 782-6785 Facsimile
gary.cerasuolo@gmail.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2022, a true and correct copy of Plaintiff's First Amended Complaint was forwarded to all counsel via ecf transmission.

JASON GOULD (*pro hac vice*)
jason.gould@faegredrinker.com
KRISTEN REILLY (*pro hac vice*)
kristen.reilly@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP

1500 K Street NW, Suite 1100
Washington, D.C. 20005
(202) 842-8800 (Telephone)
(202) 842-8465 (Fax)

HAYDEN H. BROWN
Texas Bar No. 24120726
Southern District No. 3621800
hayden.brown@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Fax)

/s/ Gary F. Cerasuolo_____
Gary F. Cerasuolo